# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-60114
Summary Calendar

PATRICK ANTHONY TRIUMPH

Petitioner

v.

ERIC H. HOLDER JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A36 707 208

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Patrick Anthony Triumph, a native and citizen of Guyana, first entered the United States on August 8, 1982. On January 19, 1990, Triumph was convicted of writing bad checks in the third degree after pleading guilty in state court in New Jersey, and he was sentenced to one year of probation. On September 29, 1994, Triumph pleaded guilty to first degree larceny in Connecticut state court and received a five-year prison sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In July 2002, Triumph traveled to Guyana. Triumph then traveled to Canada, where he was arrested on a United States Marshal fugitive warrant. On December 16, 2004, Triumph was convicted by a jury in federal court of 10 counts of aiding and abetting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), and the district court sentenced him to 33 months of imprisonment.

On April 6, 2005, the Department of Homeland Security (DHS) served Triumph with a notice to appear (NTA), charging that he was removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien inadmissible for his conviction of a crime involving moral turpitude and under § 1182(a)(2)(B) as an alien inadmissible for his conviction of two or more offenses for which the aggregate sentences to confinement imposed were five years or more. The NTA also alleged that Triumph was "an arriving alien." After Triumph submitted documents showing that his 2004 conviction for aiding and abetting false tax returns was on appeal in the Second Circuit, DHS characterized the NTA as "improvidently issued" with respect to the inclusion of the 2004 conviction as a ground for removal and chose not to rely on that conviction as a basis for removability.

The immigration judge (IJ) ruled that Triumph was subject to removal under § 1182(a)(2)(A)(i)(I) as an alien who committed a crime involving moral turpitude and under § 1182(a)(2)(B) as an alien convicted of two or more offenses for which the aggregate sentences to confinement were five years or more. Triumph sought relief under former § 1182(c) pursuant to *INS v. St. Cyr*, 533 U.S. 289 (2001), but the IJ denied relief.

The Board of Immigration Appeals (BIA) agreed with Triumph that his 1990 conviction for writing bad checks did not constitute a basis for his removability under § 1182(a)(2)(A)(i)(I) because the New Jersey statute under which he was convicted did not require proof of any intent to defraud. Nevertheless, the BIA ruled that Triumph remained removable under § 1182(a)(2)(A)(i)(I) on the basis of his 1994 conviction for larceny in the first

2

degree and under § 1182(a)(2)(B) based on both his 1990 and 1994 convictions because the sum of the sentences imposed for those convictions was five years. Accordingly, the BIA dismissed Triumph's appeal on August 10, 2006. Triumph timely filed a petition for review of the BIA's decision in the United States Court of Appeals for the Second Circuit.

Triumph also timely filed a motion for reconsideration with the BIA, but the BIA denied the motion for reconsideration on September 28, 2006. Triumph then timely filed a petition for review of this ruling in the Second Circuit on October 5, 2006.

On December 8, 2006, the Second Circuit ordered that Triumph's petitions for review be transferred to this court. On February 12, 2007, this court received Triumph's petitions and docketed them under Cause No. 07-60114.

Meanwhile, Triumph filed a "motion to reopen" with the BIA on November 7, 2006. On January 3, 2007, the BIA construed the motion as a second motion to reconsider and denied the motion as exceeding both time and numerical limitations. The BIA stated that the motion "would also be properly denied as a motion to reopen." In June 2007, Triumph filed a motion in this court seeking to file a petition for review of the BIA's denial of this motion to reopen, alleging that he timely filed such a petition for review in the Second Circuit on January 23, 2007 but that the petition for review was not forwarded to this court with the other petitions in January 2007 for unknown reasons.

On September 5, 2007, Triumph filed yet another motion to reopen with the BIA. The BIA denied the motion on October 11, 2007, stating that it was, "like its predecessor, both untimely and exceeding the numerical limitations for motions to reopen." Triumph timely filed a petition for review of the BIA's decision, which this court docketed under Cause No. 07-60881.

Triumph contends that the IJ and BIA lacked jurisdiction over his "exclusion proceedings" because the IJ erroneously classified him as an "arriving alien" or "applicant for admission" when he had in fact already been admitted.

The Government concedes that Triumph's challenge to his classification as an arriving alien presents a question of law, which this court retains jurisdiction to decide under § 1252(a)(2)(D) despite the otherwise applicable jurisdictional bars in § 1252(a)(2)(B) and (C). However, Triumph did not present this claim to the BIA, and our jurisdiction is therefore unclear. We pretermit these difficult jurisdictional concerns because Triumph's arguments are without merit. *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir.2004).

Triumph's classification claim is belied by 8 U.S.C. § 1101(a)(13)(C)(v), which provides that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws . . . unless the alien . . . has committed an offense identified in section 1182(a)(2) of this title." Triumph does not dispute that his 1994 conviction for larceny was for a crime of moral turpitude under § 1182(a)(2)(A)(i)(I). Therefore, the BIA properly "regarded [Triumph] as seeking an admission into the United States" even though he had previously been "lawfully admitted for permanent residence." § 1101(a)(13)(C)(v).

Triumph contends that the BIA erred in upholding the IJ's finding that he was inadmissible. He argues that his prior convictions should not have been used as the basis for finding him inadmissible because they were not final. Under § 1252(a)(2)(C) and (D), we only have jurisdiction over the questions of law and constitutional claims raised by Triumph. To the extent Triumph makes a challenge to the factual basis for his removal, we dismiss his petition in part for lack of jurisdiction. To the extent we have jurisdiction to address his arguments, Triumph is not entitled to relief because a conviction remains effective for immigration purposes even if a direct appeal is pending. *See Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 290 (5th Cir. 2007).

Triumph contends that his treatment in removal proceedings as an arriving alien violated the terms of the extradition treaty between the United

States and Canada, but because he never raised this claim before the BIA, we lack jurisdiction to consider it. *See* § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Triumph has failed to brief any argument with respect to his petition for review of the the BIA's September 28, 2006 denial of his motion for reconsideration, and he has thus abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)). Triumph argues that the BIA's October 11, 2007 denial of his motion to reopen was an abuse of discretion because the BIA should have exercised its authority to reopen his case sua sponte under 8 C.F.R. § 1003.2(a). We have no jurisdiction to review the BIA's refusal sua sponte to exercise its general authority to reopen or reconsider a case under § 1003.2(a). *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008). Because Triumph has otherwise failed to brief any argument against the BIA's October 11, 2007 denial of his motion to reopen, he has abandoned any cognizable challenge to this ruling as well. *See Soadjede*, 324 F.3d at 833.

Because this case does not present exceptional circumstances, we deny Triumph's motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Triumph moves this court to file a petition for review of the BIA's January 3, 2007 denial of his second motion to reopen, which he asserts was timely filed in the Second Circuit. However, Triumph has failed to show that such a petition was timely filed. *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986). Accordingly, we deny the motion.

Triumph seeks leave to supplement the administrative record with copies of documents reflecting the IJ's ruling on his bond motion and challenge to his status as an "arriving alien" as well as Triumph's attempted interlocutory appeal of that motion. However, we must "decide the petition [for review] only on the administrative record on which the order of removal is based." § 1252(b)(4)(A). Accordingly, we deny this request.

We also deny Triumph's motion to compel production of the supplemental administrative record, his motion for remand for correction of the administrative, his motion for leave to supplement his motion to remand, and his motion to expedite his motion for remand.

PETITIONS FOR REVIEW DISMISSED IN PART AND DENIED IN PART; MOTIONS DENIED.