**Clarence Benjamin TOWNSEND and Julia Mydea Randall Townsend, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 86–4300
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 8, 1986.

---

Robert A. Shivers, San Antonio, Tex., for petitioners.

Robert L. Bombough, Director, I.N.S., Allen W. Hausman, Asst. Director, Madelyn E. Johnson, Atty., Eloise Rosas, Atty., Robert Kendall, Jr., Atty., Washington, D.C., for respondent.

Richard M. Casillas, Dist. Director, I.N.S., San Antonio, Tex., David H. Lambert, Dist. Director, I.N.S., New Orleans, La., for other interested parties.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Petitioners appeal the denial by an immigration judge of their applications for asylum, asserting that the judge erred in finding the male petitioner's testimony in conflict with responses on his original application for asylum and therefore not credible. Because petitioners failed to exhaust their administrative remedies by perfecting an appeal to the Board of Immigration Appeals, we are without jurisdiction to review the denial of asylum.

I

Petitioners, Benjamin Clarence Townsend and Julia Mydea Randall Townsend, are natives and citizens of Liberia who entered the United States in 1979 as nonimmigrant visitors. In April 1980, the Liberian government was toppled by a coup, and Townsend's father, national chairman of the ruling True Whig party, was executed along with twelve other top officials of the deposed Liberian government "on a sun-baked Atlantic beach ... before a crowd of hundreds of cheering soldiers and thousands of civilians."

In October 1980, Townsend and his fiancee (now wife) submitted applications for asylum to the Immigration and Naturalization Service, which were denied by the INS District Director in December 1983. In May 1984, they were charged with deportability under section 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(9). At a hearing before an immigration judge, the Townsends conceded deportability, and renewed their applications for asylum. See 8 U.S.C. § 1158.

At the hearing, the Townsends' original 1980 applications for asylum were admitted into the record. On the forms, in answer to questions which asked whether Townsend had "belong[ed] to any organization(s) which were considered hostile to the interests of your Home Country," and whether

he "ever expressed political opinions or acted in a manner which was regarded by the authorities as opposed to the interests of your Home Government," Townsend checked the "no" boxes.

At the hearing itself, Townsend testified that he was an American-Liberian, a descendant of the American blacks who became expatriates in Africa following the abolition of slavery in the United States, and who ruled Liberia through the True Whig party until the 1980 revolution. Townsend testified that the True Whig party is now viewed as an oppressor of the masses, and that anyone considered sympathetic to the party poses a threat to the current regime. He also testified that before leaving Liberia he was chairman of the youth movement of the party, and that because political ideologies are assumed to be family-held, in Liberia he would be expected to follow in his father's political footsteps.

In his decision, the immigration judge stated that "at first blush ... it would appear that what happened to [Townsend's] father and other political leaders of the ruling True Whig Pary [sic] may well show his fear that sooner or later he also will become a victim of persecution is well-founded." However, the immigration judge found Townsend's testimony concerning his political activities and the threat he posed to the present government not credible because it conflicted with answers in his original asylum application that stated he had not belonged to any organizations hostile to the interests of the current Doe regime.[1] Relying on an advisory opinion of the State Department that expressed the view that "nearly all Liberians could return without fear of persecution," the immigration judge found that Townsend had failed to establish a "well-founded fear" of persecution.

Townsend and his wife appealed the denial of their applications to the Board of Immigration Appeals. On the requisite form under "reasons for this appeal," Townsend stated only that "male respondent has sufficiently established his 'well founded fear of persecution' according to present case law." Although he indicated the desire to file an accompanying brief, none was ever filed, even though an extension of time to do so was granted by the Board. Consequently, the Board summarily dismissed the appeal under 8 C.F.R. § 3.1(d)(1-a), because "the reasons for the appeal have not been meaningfully identified on the Notice of Appeal." Townsend and his wife now appeal the denial of their applications for asylum to this court pursuant to 8 U.S.C. § 1105a.

## II

■ The statute providing for judicial review in this case provides that "[a]n order of deportation ... shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c). When exhaustion is statutorily mandated, the requirement is jurisdictional. *Eluska v. Andrus,* 587 F.2d 996, 999 (9th Cir.1978).

■ The regulations governing appeals to the Board from an order of an immigration judge provide for summary dismissal of any case where "the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal)." 8 C.F.R. § 3.1(d)(1-a). In order to comply with this regulation, the Board has held that "generalized statements of the reasons for these appeals ... are totally inadequate [because t]hey do not tell us what aspect of the special inquiry officer's order they consider incorrect and for what reason." *Matter of Holguin,* 13 I & N Dec. 423, 425 (BIA 1969). Recently, and more specifically, the Board has held that:

---

1. We do not reach the issue, but observe that the immigration judge's conclusion on this point is dubious, at best. Townsend's testimony was consistent with the answers in his application, since the questions asked whether Townsend had committed any acts hostile to the government of his "Home Country," and which Townsend understandably would have read in 1980 as referring to the True Whig government.

It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation.... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

*Matter of Valencia,* Interim Decision No. 3006 (BIA 1986) (citation omitted). Townsend's statement of reasons for his appeal to the Board consisted of a conclusory statement that he had "sufficiently established his 'well founded fear of persecution' according to present case law." Clearly this was inadequate under the Board's established construction of its regulation. Moreover, while Townsend was given an opportunity to file a brief explaining in further detail the reasons for his appeal, he failed to do so. The Board did not abuse its discretion in dismissing his appeal.

■ Though it appears that petitioner's application for asylum may have had substantial merit, we are constrained to view their neglect in not perfecting their appeal to the Board as a failure to exhaust available administrative remedies.[2] To hold otherwise, and reach the merits in a case that has been summarily dismissed by the Board, would effectively eliminate one tier of administrative review. We conclude that we are without jurisdiction to review petitioners' arguments regarding the immigration judge's denial of their asylum applications. *See Hernandez v. INS,* 539 F.2d

384 (5th Cir.1976). Accordingly, this appeal is DISMISSED.

**2.** The apparent harshness of applying the exhaustion requirement in this case is somewhat mitigated by the fact that on August 15, 1986, Townsend may have become eligible to apply

for suspension of deportation under 8 U.S.C. § 1254, provided his seven-year presence in this country has been continuous.