24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roen BOGNE-LEGIN; Ana Dominguez-Lopez; Roen
Bonne-Dominguez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70636.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided April 29, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Dismissal of Petitioners' Appeal
 
 2
 The Board did not err in dismissing the Petitioners' appeal of the immigration judge's denial of asylum. "[S]ummary dismissal ... is appropriate if [the petitioner] submits no separate written brief or statement ... and inadequately informs the [Board] of what aspects of the [immigration judge's] decision were allegedly incorrect and why." Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (citations and internal quotations omitted). The Petitioners' only written submission to the Board was its notice of appeal, which alleged:
 
 
 3
 The Immigration Judge abused its discretion by failing to give proper weight to testimony and documentary evidence which showed lack of firm resettlement [in Spain]. Appellant demonstrated that conditions in Spain were so restrictive that firm resettlement was not established ... [and] submitted reliable evidence that made him ineligible to obtain residency in Spain.
 
 
 4
 This statement is not sufficient. Toquero v. INS, 956 F.2d 193, 194-95 (9th Cir.1992) (notice of appeal from deportation order inadequate where it claimed the evidence established the alien would suffer extreme hardship if he were deported but did not describe how the evidence established the hardship or how the immigration judge erred); Reyes-Mendoza v. INS, 774 F.2d 1364, 1364-65 (9th Cir.1985) (allegation of "wrongful denial of suspension of deportation" insufficient); Lozada v. INS, 857 F.2d 10, 12 (1st Cir.1988) (general allegations that immigration judge's decision was "abuse of discretion" and "against the weight of evidence and controlling law" insufficient); Townsend v. U.S. Dep't of Justice INS, 799 F.2d 179, 181 (5th Cir.1986) (statement that petitioner had "sufficiently established his 'well founded fear of persecution' according to the present case law" not sufficient). Nothing in the Petitioners' notice of appeal to the Board, the Petitioners' brief in this court or the record casts doubt on the immigration judge's finding that Petitioners have "been assimilated' as Spanish nationals and, therefore, are "not in need of international protection."
 
 II. Judgment Sustaining the INS's Appeal
 
 5
 The Board did not err in sustaining the INS's appeal and overturning the immigration judge's grant of withholding of deportation. The Petitioners have not met their burden of showing a clear probability that they will be subject to persecution if deported, INS v. Stevic, 467 U.S. 407 (1984), or of presenting specific evidence that they are at greater risk of persecution than the general population. Bolanos-Hernandez v. INS, 767 F.2d 1277 (9th Cir.1984). Bogne-Legin admitted 1) he was never ordered to execute a felon pursuant to law # 1098; 2) no threats were ever made against him; 3) he did not really know what would happen to someone who refused to enforce the law because no one had ever refused; 4) he remained in Cuba for several years after quitting the force, working in a brewery and as a warehouseman at a hotel; 5) all of his former wives, children and other family members still live in Cuba and have never encountered any problems and 6) although he claimed in his written application for relief from deportation that he feared he would be sent to prison because he gave confidential information to American authorities regarding Cuba's government, he testified orally before the immigration judge that he never spoke to any American officials before leaving Cuba and had no access to any confidential information about the Cuban government. The evidence was insufficient to show a clear probability of persecution.
 
 
 6
 The petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them