69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elmer HODGSON-SMITH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70925.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Elmer Hodgson-Smith, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' summary dismissal of his appeal from a deportation order denying him asylum and withholding of deportation. Petitioner argues that the dismissal procedures used by the BIA violated his due process rights. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we grant the petition for review.
 
 
 3
 A petitioner's due process rights may be violated by the "concatenation of EOIR-26, the BIA's strict Notice of Appeal requirements, and the failure to give any advance warning before an appeal is dismissed." Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). All three factors are present in the instant case where petitioner used Form EOIR-26, the BIA maintains its strict specificity standard, and the INS did not file "a brief arguing for dismissal based on insufficient specificity, which would have put Petitioner on notice of the potential for summary dismissal of his appeal." Castillo-Manzanarez v. INS, No. 94-70606, slip op. 11455, 11462 (9th Cir. Sep. 12, 1995). Although the BIA distinguishes Padilla-Agustin on the basis that Hodgson-Smith was represented by counsel before the BIA and Padilla-Agustin appeared pro se, Padilla-Agustin does not "requir[e] such a narrow interpretation." Id. at 11463. Furthermore, Hodgson-Smith's failure to file a brief after indicating on Form EOIR-26 that he would do so, does not by itself provide the BIA with a constitutionally adequate ground upon which to base a summary dismissal. Id. at 11462.[1] For the forgoing reasons, we grant the petition for review.
 
 
 4
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "We do not consider the merits of Petitioner's claim that he established a well-founded fear of persecution. To do so would 'effectively eliminate one tier of administrative review.' " Castillo-Manzanarez at 11463, fn 6 (quoting Townsend v. INS, 799 F.2d 179, 182 (5th Cir.1986))