**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NMA OBINECHE,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-1401

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-416-733)

Submitted: February 28, 1997

Decided: March 20, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, L. JOHNSON & ASSOCIATES, P.C., Wheaton,
Maryland, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Michael P. Lindemann, Assistant Director, Christopher C.
Fuller,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nma Obineche petitions for review of the decision of the Board of Immigration Appeals ("Board") denying her motion to reopen her deportation proceedings. We affirm.

Because Obineche, a native and citizen of Nigeria, overstayed her visa, the Immigration and Naturalization Service ("INS") commenced deportation proceedings. Obineche conceded that she was deportable but sought asylum in this country and a withholding of deportation. After conducting a hearing on the merits of her claim, an immigration judge ("IJ") denied Obineche's application for asylum and withholding of deportation. Obineche then filed a notice of appeal with the Board in which her counsel indicated that a brief would be filed in support of the appeal. No brief was ever filed.

The Board summarily dismissed the appeal under 8 C.F.R. §§ 3.1(d)(1-a)(i)(A), (E) (1996), noting that Obineche's notice of appeal "in no meaningful way identified the basis of the appeal from the decision of the Immigration Judge." The dismissal also indicated that although Obineche's notice of appeal indicated a brief would be filed, "she never filed a separate written brief or statement, or offered an explanation as to her failure to do so."

Obineche then filed a motion to reconsider the deportation decision, with an accompanying brief. Obineche's motion stated that she had previously filed a brief with the Office of Immigration Judge, Executive Office of Immigration Review (EOIR), which was supposed to be forwarded to the Board. In her motion to reconsider, Obineche argued that the IJ erroneously denied her application for asylum because he failed to consider all the facts and circumstances involved. The Board denied the motion to reconsider the deportation proceedings on the ground that Obineche's motion "failed to establish

2

that the Board applied improper legal standards, disregarded or mis-
read prior precedents, or should take cognizance of a recent change in the law." The Board further found that Obineche had not filed a brief with her appeal from the IJ's order until three months after the
briefing schedule deadline. The denial of Obineche's motion to recon-
sider is the subject of the petition for review in this court.

A denial of a motion to reconsider or reopen is reviewed with extreme deference for an abuse of discretion. INS v. Abudu, 485 U.S.
94, 104-05 (1988). Thus, this court must affirm the Board's denial of
a motion to reopen unless it: (1) was made without a rational explana-
tion, (2) inexplicably departed from established policies, or (3) rested
on an impermissible basis such as invidious discrimination against a
particular group. M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (en
banc) (citations omitted). When the Board analyzes a motion to reopen it does not consider the merits of the underlying claim, but rather whether new developments warrant rehearing that claim. Id. at
307 (citing INS v. Rios-Pineda, 471 U.S. 444, 446 (1985)). The cor-
rectness of the Board's denial of Obineche's motion to reconsider depends on the correctness of the Board's summary dismissal of Obineche's appeal from the IJ's order.

Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A),"[t]he Board may summa-
rily dismiss . . . any appeal in any case in which[t]he party concerned
fails to specify the reasons for the appeal on . . . (Notices of Appeal)
or other document filed therewith." See Toquero v. INS, 956 F.2d 193,
196 (9th Cir. 1992); Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988);
Townsend v. INS, 799 F.2d 179, 181-82 (5th Cir. 1986); Reyes-
Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir. 1985).

Obineche's notice of appeal from the IJ's order alleged that the IJ refused to allow certain documents into the record that she contended
were essential to her political asylum claim so as to deny her due pro-
cess of law. She also claimed that the IJ did not give the documents
any weight in his decision. As the Board noted, however, Obineche failed to identify in her appeal the evidence she sought to

introduce at the hearing conducted by the IJ, and explain how it was wrongfully denied by the IJ so as to have deprived her of a fair hearing. Because the Board was not obligated to engage in speculation to construct sufficient factual or legal arguments for Obineche, the Board's summary

3

dismissal was proper. <u>See</u> 8 C.F.R. § 3.1(d)(1-a)(i)(A). The Board's dismissal was also appropriate because Obineche failed to timely file
a brief with her appeal from the IJ's order even though she indicated
in her notice of appeal that she would file a separate written brief or
statement. <u>See</u> 8 C.F.R. § 3.1(d)(1-a)(i)(E).

Obineche's motion to reconsider claimed that she did file a brief on appeal to the Board and reargued her underlying claim. The Board denied Obineche's motion because it was directed at conclusions of law. The Board correctly declined to consider the merits of Obineche's underlying claim. <u>M.A.</u>, 899 F.2d at 307. Further, because the Board's denial of Obineche's motion to reconsider was based on a rational explanation and did not depart from established policies or
rest on an impermissible basis, <u>id.</u> at 310, the Board did not abuse its
discretion in denying the motion.

Therefore, we affirm the Board's denial of Obineche's motion to reconsider the deportation proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented
in the materials before the court and argument would not aid the deci-
sional process.

<u>AFFIRMED</u>

4