IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41002
USDC No. L-98-CV-17
_____

IHAB F. ALMALLAH,

                                        Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Southern District of Texas

---------------------

June 15, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Ihab F. Almallah has filed a motion to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his 28 U.S.C. § 2241 petition. The appellee has filed a motion to dismiss the appeal as moot and for failure to exhaust administrative remedies.

After Almallah filed his habeas petition in the district court, the Board of Immigration Appeals granted his application

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to reopen the deportation proceedings.  The exhaustion requirement is statutorily mandated and is jurisdictional. Townsend v. United States Dep't of Justice INS, 799 F.2d 179, 181 (5th Cir. 1986).  Because Almallah has not exhausted his administrative remedies with regard to the challenge to his deportation order, this court lacks jurisdiction to review this issue.  The INS's motion to dismiss is GRANTED.  Almallah's motion for IFP is DENIED AS MOOT.