United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60747
Summary Calendar

JUAN CARREON-TORRES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 284 867
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Carreon-Torres, a native and citizen of Mexico, filed a 28 U.S.C. § 2241 petition in the district court contesting a final order of removal by the Board of Immigration Appeals (BIA). On motion from the respondent, the district court transferred the case to this court pursuant to the Real ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). The matter is now construed as a petition for review of the BIA's removal order. See 8 U.S.C. § 1252(a)(5) (Supp. 2005); Rosales v. Bureau of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration and Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005), cert. denied, 126 S. Ct. 1055 (2006).

Carreon was ordered removed because of a Texas state conviction for an aggravated felony, namely unauthorized use of a motor vehicle (UUMV). Carreon then sought a discretionary waiver of removability under Immigration and Nationality Act (INA) § 212(c). The BIA determined that Carreon was ineligible for § 212(c) relief because he failed to establish a comparable ground for inadmissibility as required to obtain a § 212(c) waiver.

Carreon asserts that the only issue on appeal is whether his UUMV conviction is a crime of violence for immigration purposes. We must raise the issue of our appellate jurisdiction sua sponte. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Under 8 U.S.C. § 1252(d), this court may review a petition only if, inter alia, the alien has exhausted all of his administrative remedies. 8 U.S.C. § 1252(d)(1). An alien's failure to exhaust administrative remedies before the BIA, either on direct review or in a motion to reopen, serves as a jurisdictional bar to this court's consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); Townsend v. INS, 799 F.2d 179, 181 (5th Cir. 1986).

Carreon argued before the BIA only that he was eligible for discretionary relief from removal under § 212(c) because his UUMV offense was a theft offense and a crime involving moral

turpitude, thereby establishing a corresponding ground for inadmissibility.  The BIA held that UUMV is not a crime involving moral turpitude and expressly noted that Carreon did not contest his removability.  Carreon did not argue the theory that his UUMV offense was not a crime of violence subjecting him to removal for conviction of an aggravated felony.  Because Carreon did not raise his theory before the BIA, this court lacks jurisdiction to consider it on appeal.  See Wang, 260 F.3d at 452-53; § 1252(d).

The petition for review is DENIED.