# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-60856
Summary Calendar

JUAN CARLOS SAMANIEGO

Petitioner

V.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A79 553 448

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Samaniego petitions for review of the Board of Immigration Appeals' (BIA) orders affirming the Immigration Judge's (IJ) order of removal and denying Samaniego's motion for reconsideration. Samaniego does not argue that he was entitled to cancellation of removal. Rather, he argues that the IJ's actions denied him due process with regard to his application for adjustment of status pursuant to 8 U.S.C. § 1255(i), that the IJ erred in finding him ineligible for adjustment of status, and that the Government is estopped from removing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him. Samaniego raised these arguments before the BIA for the first time in his motion for reconsideration. The BIA denied that motion on grounds that Samaniego had only challenged the denial of his application for cancellation of removal in his initial appeal and that newly raised arguments were not proper subjects of a motion to reconsider. See 8 C.F.R. § 1003.2(b)(1).

Pursuant to 8 U.S.C. § 1252(d)(1), this court may review a final order of removal "only if the alien has exhausted all administrative remedies available to the alien as of right." See also Townsend v. INS, 799 F.2d 179, 182 (5th Cir. 1986)(holding that this court lacks jurisdiction to consider issues not decided on the merits by the BIA because "to do so would effectively eliminate one tier of administrative review"). Samaniego is incorrect that 8 U.S.C. § 1252(a)(2)(D) relieves him of his obligations to exhaust questions of law before the BIA. See Said v. Gonzales, 488 F.3d 668, 670-71 (5th Cir. 2007). Further, the miscarriage of justice standard is inapplicable to petitions seeking direct review of removal orders. See generally, Ramirez-Molina v. Ziglar, 436 F.3d 508, 514 (5th Cir. 2006). We thus lack subject matter jurisdiction to consider Samaniego's claims, see § 1252(d)(1), including his due process claim, which was correctable by the BIA. See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

Samaniego also argues that we should grant hearing en banc to reconsider whether an alien who is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) remains eligible for adjustment of status pursuant to § 1255(i), an issue which we previously decided in the negative in Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir. 2005). Even assuming that we have jurisdiction to consider his request, we decline to grant an en banc hearing. Samaniego has failed to comply with the requirements of FED. R. APP. P. 35 and 5th CIR. R. 35.2, and identifies no adequate justification for en banc consideration.

PETITIONS FOR REVIEW DENIED.