IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-60766
Summary Calendar

FORTUNATO ELENIO LINDAO-DIAZ

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A31 210 182

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Fortunato Elenio Lindao-Diaz (Lindao), a citizen and native of Ecuador, petitions this court for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's final order of removal. Lindao argues that his New York conviction for sexual abuse in the first degree was not a conviction for an aggravated felony or a crime of violence and that he is entitled to cancellation of removal. He asserts that 8 U.S.C. § 1252 does not deprive this court of jurisdiction over his petition for review. He additionally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that removal statutes should be construed in favor of aliens. The government maintains that Lindao cannot raise these issues because did not raise them before the BIA and that Lindao's conviction was a conviction for an aggravated felony depriving this court of jurisdiction to consider Lindao's petition under § 1252(a)(2)(C).

Lindao did not raise before the BIA any of the arguments he raises in this court. He does not argue, and has not shown, that his administrative remedies were inadequate. See Goonsuwan v. Ashcroft, 252 F.3d 383, 389 (5th Cir. 2001). As Lindao failed to exhaust his available administrative remedies, we lack jurisdiction to consider his petition for review. See Townsend v. INS, 799 F.2d 179, 181 (5th Cir. 1986). As this case does not present exceptional circumstances, Lindao's motion for appointment of counsel is denied. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

PETITION FOR REVIEW DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.