**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60470
Summary Calendar

EDMUND ALOMOPE NGOCHI,

Petitioner,

v.

ERIC H. HOLDER, JR, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 275 285

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edmund Alomope Ngochi petitions for review of the Board of Immigration Appeals's (BIA's) decision denying his motion to reopen his applications for asylum and withholding of removal. For the reasons that follow, his petition is denied in part and dismissed in part.

Ngochi argues that the BIA abused its discretion in refusing to reopen his proceedings based on evidence of changed country conditions in Cameroon. Ngochi, however, did not produce material evidence of changed circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arising in Cameroon. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Consequently, the BIA did not abuse its discretion in denying his otherwise untimely motion to reopen. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). We lack jurisdiction to review the BIA's discretionary decision not to reopen Ngochi's immigration proceeding sua sponte. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004).

Ngochi did not petition this court for review of the underlying final removal order in which the BIA made an adverse credibility determination. Therefore, this court lacks jurisdiction to review the BIA's credibility assessment made therein. *See Stone v. INS*, 514 U.S. 386, 394-95 (1995); *Guevera v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). Although Ngochi challenged the BIA's adverse credibility determination in his motion to reopen, he has failed to brief the issue whether the BIA erred in construing that challenge as a time and number-barred motion for reconsideration, and he has therefore waived its review. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Consequently, the issue of his credibility is not properly before us. Finally, Ngochi has failed to exhaust his due process claim, and, therefore, we lack jurisdiction to entertain it. *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986).

PETITION DENIED IN PART AND DISMISSED IN PART.