**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60591
Summary Calendar

AZINWILUM FUH

Petitioner

v.

ERIC H HOLDER, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 622 825

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Azinwilum Fuh, a native and citizen of Cameroon, filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her applications were denied. She now petitions this court to review the decision of the Board of Immigration Appeals (BIA) deferring to the immigration judge's (IJ's) factual findings regarding her credibility and the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authenticity of her documentary evidence, dismissing her appeal, and denying her motion to remand.

Fuh argues that the IJ's adverse credibility finding was not based on substantial evidence but on a single inconsistency between her testimony and the medical evidence concerning the date of her miscarriage, and on the alleged failure of her documentation to prove that she had been a member of the Southern Cameroon National Council (SCNC), a political group that openly opposes the majority government.

Fuh's applications were based on three alleged arrests for her participation in SCNC demonstrations and activities. She alleged that during her detention after each arrest, she was beaten and tortured and, during her last detention, repeatedly raped, impregnated, and infected with syphilis. The IJ found that Fuh's testimony lacked credibility because she definitively testified that she suffered a miscarriage after New Year's Day 2002, but the medical certificate showed the date of the miscarriage as December 29, 2001. The IJ found further that there were authenticity issues with the documentation presented in support of Fuh's membership in the SCNC. Upon remand, Fuh presented further documentation of her SCNC membership, but it, too, was riddled with authenticity problems.

A review of the record reveals that the IJ's adverse credibility determinations were "supported by specific and cogent reasons derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *see Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Fuh does not offer an explanation for her demeanor during some of her testimony, described by the IJ as (a) looking away, (b) pretending to sob upon realizing that the IJ was looking at her, and (c) sounding memorized as if from a script. In addition, Fuh has not adequately explained why her name is incorrectly spelled on more than one document relating to her claimed SCNC membership or why some of her documents appear to be altered copies of originals or fraudulent documents. Nor has she explained

why the medical certificate regarding her miscarriage bears a date preceding the date she definitively indicated in her testimony. Fuh was given a second chance to provide credible evidence to support her claim when her motion to remand was granted, and she failed to do so. Because the findings regarding the untrustworthiness of Fuh's testimony and documentation are supported by substantial evidence, *see Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995), and the evidence does not compel a contrary conclusion, *see Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996), we may not substitute our own credibility determinations for those of the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 905 (5th Cir. 2002).

Fuh's suggestion that the IJ and the BIA did not consider the totality of the circumstances is without support in the record. Fuh has not shown that the denial of her asylum claim was arbitrary, capricious, or an abuse of discretion. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Fuh's argument that she sufficiently proved her withholding of removal claim is equally without merit. Since she failed to prove her asylum claim, her claim for withholding of removal on the same basis does not warrant relief. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

Fuh failed to raise her CAT claim on appeal, either in her notice of appeal or in a timely filed brief, and the BIA failed to address the CAT claim. The Government is therefore correct that the CAT claim is unexhausted and that we lack jurisdiction to review the IJ's denial of relief on Fuh's CAT claim. *See, e.g., Townsend v. INS*, 799 F.2d 179, 181-82 (5th Cir. 1986).

Finally, Fuh argues that the BIA erroneously applied the standard for granting motions to reopen to her motion to remand. Attached to Fuh's motion to remand were attestations from two SCNC leaders who acknowledged and corrected misspellings of Fuh's name in previously submitted documents and corrected mistakes in those documents regarding Fuh's place of birth and date of membership in the SCNC. Fuh's motion to remand, filed while her appeal to

the BIA was pending, was in the nature of a motion to reopen and was therefore subject to the substantive requirements for such motions. *See Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001). Thus, the BIA did not err in treating Fuh's motion to remand as a motion to reopen, and it did not abuse its discretion in denying it because she had failed to persuasively explain why she could not have obtained and presented the two letters at the second hearing before the IJ. *See id.*; *INS v. Doherty*, 502 U.S. 314, 323 (1992).

The petition for review is DENIED.