# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 09-60644
Summary Calendar

Lyle W. Cayce
Clerk

SARA EDILMA CRUZ-PAZ, also known as Sara Edilma Cruz Paz de Alfaro,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 038 802

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sara Edilma Cruz-Paz (Cruz) petitions for review of the Board of Immigration Appeals's (BIA's) decision denying her motion to reopen her proceedings and rescind her 2002 order of removal, which was issued in absentia. The Respondent has moved for summary affirmance, contending that the issue is foreclosed by *Gomez-Palacios v. Holder*, 560 F.3d 354 (5th Cir. 2009). Because the BIA adopted the immigration judge's decision without a written opinion, we review the immigration judge's decision, *Mikhael v. INS*, 115 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

299, 302 (5th Cir. 1997), and do so for an abuse of discretion. *See Gomez-Palacios*, 560 F.3d at 358.

Cruz argues that she is entitled to rescission of her removal order because she did not receive actual notice of the date and time of her 2002 removal hearing and was not informed of her obligation to notify the immigration court of a change of address. Cruz's Notice to Appear, however, with which she was personally served, warned her in the section captioned "Failure to appear" that she was required to provide the Immigration and Naturalization Service with her mailing address and to notify the immigration court of any change in her address, as notices of hearing would be mailed to the address provided by her. *Cf. id.* at 356. Additionally, Cruz received oral notice in Spanish of the consequences of a failure to appear. *Cf. id.* at 357.

Cruz acknowledged that she had given immigration officials a New Mexico address, knowing that she intended to only briefly reside there before moving to California. Consequently, while the record evidence supports a finding that Cruz did not receive actual notice of the hearing date, substantial evidence supports the immigration judge's finding that her failure to receive notice of the hearing was owing to her failure to comply with her obligations to report the address change. An alien is not entitled to rescission of a removal order where the failure to receive actual notice of the time of the hearing is the result of the alien's failure to comply with the obligation to keep the immigration court apprised of her current mailing address. *See id.* at 361. As such, *Gomez-Palacios* forecloses relief.

Cruz additionally argues that the immigration judge's decision denying her motion to reopen resulted in the denial of her due process rights. Cruz, however, failed to raise this due process argument in her appeal to the BIA; therefore, the claim is unexhausted, and we lack jurisdiction to review it. *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986). Finally, Cruz argues that she is entitled to the reopening of her removal proceedings because (1) she is

2

permitted to enjoy the same benefits of residency as her spouse under the Nicaraguan Adjustment and Central American Relief Act, and (2) she has resided in the United States for eight years and has no criminal record. The immigration judge, however, refused Cruz's request to exercise his discretion to reopen her proceedings in the interest of justice. We lack jurisdiction to review an immigration judge's discretionary decision declining to sua sponte reopen deportation proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

PETITION DENIED IN PART; DISMISSED IN PART; MOTION FOR SUMMARY AFFIRMANCE GRANTED.