# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2013

Lyle W. Cayce
Clerk

No. 12-60531
Summary Calendar

VENKATESWARA RAO PALLAPOTHULA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 652 060

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Venkateswara Rao Pallapothula appeals the decision of the Board of Immigration Appeals (BIA) denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The immigration judge determined that Pallapothula's asylum application was untimely and that CAT relief was unavailable because Pallapothula had not claimed that he would be tortured by Indian governmental authorities or with their acquiescence. Additionally, the immigration judge found, based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inconsistencies in Pallapothula's written statement and testimony, that Pallapothula was not credible. The immigration judge determined also that Pallapothula failed to present other evidence to corroborate his claim. Consequently, the immigration judge concluded that Pallapothula failed to demonstrate entitlement to withholding of removal.

Pallapothula has briefed neither an asylum claim nor a CAT claim in this court. Consequently, he has abandoned those claims. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Additionally, we deny the petition for review of the denial of withholding of removal. We reject the contention that the immigration judge erred in finding Pallapothula not credible. In making a credibility determination, the factfinder may consider, inter alia, "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements [and] any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) § 1231(b)(3)(C). Because an immigration judge "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible," we must defer to that determination "unless it is plain that no reasonable factfinder could make" such a ruling. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

Pallapothula points to no basis for rejecting the IJ's determination that he was not credible. Pallapothula's conclusory assertions of truthfulness are insufficient. *Cf. Townsend v. INS*, 799 F.2d 179, 182 (5th Cir. 1986). The inconsistencies in Pallapothula's statements and testimony concerning alleged attacks in 2006 and 2007 substantially support the adverse credibility determination. *See Dayo v. Holder*, 687 F.3d 653, 657-58 (5th Cir. 2012).

Pallapothula has failed to demonstrate "that no reasonable factfinder could" have deemed him incredible. *Wang*, 569 F.3d at 538.

We conclude also that Pallapothula is not entitled to relief on his assertion that he was deprived of the chance to provide corroborating evidence of his claim of persecution by a terrorist group in India, the Naxalites. Pallapothula asserts that the immigration judge did not advise him of the need for corroboration. Pallapothula cites no precedent of this circuit that supports his contention that he should have been told by the IJ to present corroborating evidence. Moreover, the asylum form itself alerts an applicant to the need to attach documentation evidencing the specific facts on which his claim relies or to explain why such documentation cannot be produced. Also meritless is Pallapothula's suggestion that the IJ failed to provide an opportunity to rebut the facts; the IJ noted several times during the hearing that he believed there were discrepancies in Pallapothula's testimonial proof. Therefore, in addition to the opportunity provided by the asylum form, Pallapothula had a full hearing that allowed him the chance to make his case; all that Pallapothula and his counsel at the hearing had to do was present credible evidence. A tribunal need not make a litigant's case for him. *United States. v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Because Pallapothula fails to show error in the determination that he was not credible and fails to present corroborating evidence, he "does not have enough evidence to show" a clear probability of persecution and thus to be entitled to withholding of removal. *See Dayo*, 687 F.3d at 657-59; *Campos-Guardado v. INS*, 809 F.2d 285, 290 (5th Cir. 1987). Pallapothula consequently fails to demonstrate that he presented evidence "so compelling that no reasonable factfinder could fail to find" a clear probability of persecution. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002) (internal quotation marks and citation omitted).

PETITION DENIED.