# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60434
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2015

Lyle W. Cayce
Clerk

JHABIR THAPA,

Petitioner,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 887 003

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Jhabir Thapa petitions this court for review of the Board of Immigration Appeals' (BIA) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The immigration judge (IJ) rendered an adverse credibility finding, giving numerous specific and cogent reasons in support thereof. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, because the BIA upheld the IJ's decision based on the latter's credibility determination, we may review the decisions of both the BIA and the IJ.  *See id.*; *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial-evidence standard.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Thapa has not pointed to any evidence that goes beyond merely supporting his interpretation of the inconsistencies and compels a contrary credibility conclusion.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  His claims for relief are based on the same evidence that the BIA found lacking in credibility, and he has not shown that, under "the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *See Wang*, 569 F.3d at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam)) (internal quotation marks omitted).  The IJ and the BIA's decision that Thapa was not entitled to asylum because he had not provided credible evidence of either past persecution or a well-founded fear of future persecution is supported by substantial evidence.  *See Orellana-Monson*, 685 F.3d at 518.  It therefore follows that he necessarily cannot establish an entitlement to withholding of removal or relief under the CAT, both of which require a higher burden.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Thapa assigns error to the IJ's determination that his asylum application was untimely.  The BIA, however, declined to address this finding; therefore, we do not consider it.  *See Efe*, 293 F.3d at 903.  We lack jurisdiction to entertain his unexhausted claim that he was not afforded the opportunity

No. 14-60434

before the IJ to reconcile the contradiction in his testimony and his father's letter regarding whether he suffered physical or mental torture when kidnapped. S*ee Wang v. Ashcroft,* 260 F.3d 448, 452-53 (5th Cir. 2001); *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986) (per curiam). Insofar as Thapa argues that the BIA erroneously made an adverse credibility determination based on the contents of his father's letter concerning Thapa's kidnapping, the BIA is permitted to review a credibility determination on facts already in the record, 8 C.F.R. § 1003.1(d)(3)(i), and the IJ had already noted that the letter from Thapa's father was vague and inconsistent with Thapa's account.

PETITION DENIED IN PART AND DISMISSED IN PART.