# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

No. 14-60085
Summary Calendar

ERICK M. PEREZ, also known as Erick Miguel Perez Valencia, also known as
Erick Miguel Perez,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 451 373

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Erick M. Perez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from the Immigration Judge's (IJ) order denying cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture. Perez argues only that the IJ erred by denying cancellation of removal under 8 U.S.C. § 1229b(a) and that he is entitled to cancellation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60085

removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA). He does not address the denial of his claims for asylum, withholding of removal, and protection under the CAT; address the BIA's summary dismissal of his appeal; or brief his claim for voluntary departure. These issues are therefore abandoned. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003).

Perez failed to exhaust his administrative remedies regarding the denial of cancellation of removal pursuant to § 1229b(a) by failing to raise any meaningful arguments on appeal to the BIA. Thus, we lack jurisdiction to review this issue. *See Townsend v. U.S. Dep't of Justice I.N.S.*, 799 F.2d 179, 182 (5th Cir. 1986); 8 U.S.C. § 1252(d). We also lack jurisdiction to review Perez's claim that he was eligible for special rule cancellation under NACARA, because this issue was raised for the first time in a reconsideration motion to the BIA and is therefore unexhausted. *See* § 1252(d); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

With respect to the BIA's denial of the motion to reconsider Perez's claim for cancellation of removal under § 1229b(a), Perez has abandoned any challenge to the denial by failing to address the BIA's determination that the motion was untimely. *See Chambers*, 520 F.3d at 448 n.1; *Soadjede*, 324 F.3d at 833. To the extent that Perez's reconsideration motion was a timely motion to reopen, he does nothing more than argue in a conclusory fashion that his family would suffer extreme hardship and fails to address the standard for reopening. *See* 8 U.S.C. § 1229a(c)(7)(B); *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988). Thus, Perez has abandoned any objection to that decision. *See Chambers*, 520 F.3d at 448 n.1; *Soadjede*, 324 F.3d at 833.

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.