# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60582
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2015

Lyle W. Cayce
Clerk

DIGNA VILLALOBOS-RAMIREZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 740 412

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Digna Villalobos-Ramirez (Villalobos) petitions for review of the Board of Immigration Appeals' (BIA's) decision denying withholding of removal and relief under the Convention Against Torture (CAT). She argues, based on her construction of the relevant statutes, that the BIA erred as a matter of law in denying her request to pursue asylum. Villalobos, however, did not raise this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory construction argument before the BIA; therefore, she has failed to exhaust her administrative remedies regarding this claim, and we are without jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986).

Insofar as the BIA denied her request for withholding of removal, Villalobos argues that her case should be remanded in light of intervening BIA decisions that gave guidance on the concept of "particular social group." Villalobos does not explain how these intervening BIA decisions affect her case or which of the five purported social groups she set forth in immigration court are affected. Moreover, while she complains that her case should be remanded because the immigration judge did not have the benefit of these new decisions, the BIA referenced two of the three decisions cited in Villalobos's petition when dismissing her withholding of removal claim. Finally, in those respective decisions, the BIA announced that it was merely clarifying the requirements for membership in a particular social group announced in its prior cases; it made clear that it was not departing from the principles established in its prior cases. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 247 (BIA 2014), *Matter of W-G-R-*, 26 I. & N. Dec. 208, 211-12 (BIA 2014). After de novo review, we therefore hold that Villalobos has not shown that the BIA applied an incorrect legal standard in assessing her eligibility for withholding of removal. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 (5th Cir. 2007). Although Villalobos additionally assigns as error the BIA's determination that certain of her proposed social groups were too broad, she does not brief this issue by providing legal argument or citation to authority in support of her position. It is therefore waived. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009).

No. 14-60582

Finally, Villalobos argues that her case is entitled to remand because it is unclear whether the BIA applied the correct legal standard in evaluating her CAT claim.  Our de novo review of the record, however, indicates that the BIA used the appropriate standard set forth in *Hakim v. Holder*, 628 F.3d 151 (5th Cir. 2010), and Villalobos has pointed to no evidence to suggest otherwise. Although she argues that her credible testimony supports a determination that she is eligible for CAT relief, substantial evidence supports the BIA's determination that Villalobos has not shown that it is more likely than not that she would be tortured by, or with the acquiescence of, government officials acting under the color of law, if returned to Honduras.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002); *Hakim*, 628 F.3d at 155.

PETITION DISMISSED IN PART AND DENIED IN PART.