# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60176
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 8, 2017

Lyle W. Cayce
Clerk

ERNESTO ESPARZA-SANCHEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 726 677

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Ernesto Esparza-Sanchez petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. For the reasons set forth below, we dismiss the petition in part and deny it in part.

As a general matter, we lack jurisdiction to review an issue not raised before the BIA. *See Townsend v. U.S. Dep't of Justice I.N.S.*, 799 F.2d 179, 181

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1986); 8 U.S.C. § 1252(d)(1).  Esparza-Sanchez's contentions that the BIA (1) applied the wrong legal standard to his motion to reopen, (2) failed to consider all of the evidence he submitted, and (3) failed to consider whether he had established a well-founded fear of future persecution based on his political opinion, are issues "stemming from the BIA's act of decisionmaking" and thus could not have been raised prior to the BIA's issuance of its decision.  *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).  Esparza-Sanchez was required to raise these issues in a motion for reconsideration in order to satisfy the exhaustion requirement.  *See id.* at 320.  Because he failed to do so, these issues are unexhausted, and accordingly the instant petition for review is dismissed in part for lack of jurisdiction.  *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Townsend*, 799 F.2d at 181.

Esparza-Sanchez argues that his motion to reopen established a prima facie case for asylum and protection under the Convention Against Torture (CAT).  We apply "a highly deferential abuse of discretion standard" when reviewing the BIA's denial of such a motion.  *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).

As the BIA did in the instant matter, a motion to reopen may be denied for failure to establish a prima facie claim for relief.  *INS v. Doherty*, 502 U.S. 314, 322 (1992).  To make a prima facie showing of eligibility for asylum, a movant must demonstrate a reasonable likelihood that he has met the requirements for relief.  *Flores v. INS*, 786 F.2d 1242, 1247 (5th Cir. 1986).  A claim for asylum "requires a showing of past persecution or a well-founded fear of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion.  *Roy*, 389 F.3d at 138.  "To obtain protection under the CAT, an alien must demonstrate that, if removed to a country, it is more likely than not he would be tortured by, or with the

acquiescence of, government officials acting under the color of law." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010).

Esparza-Sanchez contends that his new evidence, which includes a letter purportedly from the leader of a labor union in Mexico, shows that the labor union wants to kill him. The BIA determined, however, that the new evidence was unpersuasive given the lack of any allegation that Esparza-Sanchez's in-laws had been harmed when union members delivered the letter from their leader. The BIA was entitled to consider the safety of Esparza-Sanchez's family members in determining whether his fear of future persecution is well founded, as required to make a claim for asylum. *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). In view of the foregoing, Esparza-Sanchez has not shown that the BIA abused its discretion in determining that he had not made a prima facie showing that he met the requirements for asylum. *See Flores*, 786 F.2d at 1247. Because Esparza-Sanchez failed to make a prima facie showing as to his claim for asylum, he necessarily failed to make such a showing on his claim for withholding of removal. *See Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 2010).

As to his claim for protection under the CAT, Esparza-Sanchez disputes the BIA's determination that he has not shown that Mexican authorities are unwilling or unable to protect him from union members. He asserts in conclusory fashion, and without reference to the administrative record, that the union is acting in an official capacity and that the union would torture him if he returns to Mexico. Esparza-Sanchez's conclusory, unsupported assertions are insufficient to make a prima facie showing of an entitlement to protection under the CAT, and he fails to show that the BIA abused its "broad discretion" in denying his motion to reopen. *See Lara*, 216 F.3d at 496.

PETITION DISMISSED IN PART AND DENIED IN PART.