United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60228
Summary Calendar

MIGEN SHEHU,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 218 663
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Migen Shehu petitions for review of the order issued by the Board of Immigration Appeals ("BIA") denying his motion to reopen. Shehu moved to reopen the removal proceedings on his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Shehu contends that the BIA's decision denying his motion to reopen is irrational and contrary to law. He asserts that the BIA did not consider the evidence that he submitted with the motion to reopen. Shehu argues that the evidence he submitted is

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the same evidence that his cousin used to obtain withholding of removal.  Shehu asserts that he could not have presented the evidence at his original hearing.  He insists that he will face persecution if he is returned to Albania and that he will be persecuted on account of his membership in his family.

We review the BIA's denial of a motion to reopen for abuse of discretion.  Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993).  The BIA may deny a motion to reopen "if the movant fails to establish a prima facie case for the underlying substantive relief sought."  Id.

To establish eligibility for asylum, Shehu had to demonstrate a "well-founded fear of persecution in his country of nationality . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992).  Persecution is the "infliction of suffering or harm, under government sanction."  Abdel-Masieh v. U.S. INS, 73 F.3d 579, 583 (5th Cir. 1996).

As the BIA determined, Shehu's new evidence concerned events personal to his cousin; the new evidence did not establish a well-founded fear that Shehu would be persecuted.  See Adebisi, 952 F.2d at 912.  Further, Shehu's fear of persecution arises out of a personal dispute; Shehu did not establish that the alleged persecution he fears will be perpetrated under government sanction.  See Abdel-Masieh, 73 F.3d at 583.  Shehu did not

establish a well-founded fear of persecution on account of any of the five statutory grounds.  See Adebisi, 952 F.2d at 912-13.

Because Shehu did not make the showing required to establish eligibility for asylum, he has not met the more stringent standard necessary to establish eligibility for withholding of removal.  See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002). Shehu abandoned any review of the denial of relief under the CAT. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003). Accordingly, Shehu's petition for review is DENIED.