# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2010

Lyle W. Cayce
Clerk

No. 09-60860
Summary Calendar

AKOUAVI SEDDOH,

Petitioner,

versus

ERIC H. HOLDER, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A097 797 144

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Akouavi Seddoh ("Sehhoh"), a citizen and native of Togo, petitions for re-
view of an order of the Board of Immigration Appeals ("BIA") affirming an order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of the immigration judge ("IJ") denying her requests for asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"). The government moves for summary disposition or, in the alternative, to reset the briefing schedule.

Seddoh argues that the BIA erred by not finding that she could be a derivative applicant to the asylum application of Kossi Seddoh because she presented evidence that her marriage to him was *bona fide*. She contends that her divorce from, and remarriage to, him constituted changed circumstances allowing her to proceed with her request for asylum even though it was filed more than one year after her last entry into the United States. `Seddoh, apparently challenging the denial of asylum and withholding of removal, argues that the evidence presented before the IJ demonstrated that she would more likely than not be persecuted if she returned to Togo. She additionally states that she was entitled to relief under the CAT, but she does not provide any specific argument in support of that contention.

Seddoh did not raise before the BIA her argument that she could have been a derivative applicant. She does not argue, and has not shown, that her administrative remedies were inadequate. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001). Because she failed to exhaust her available administrative remedies on this issue, we lack jurisdiction to consider it, and this portion of the petition for review is dismissed. *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986).

Although Seddoh argues that her asylum application was not untimely because her divorce from, and remarriage to, Kossi Seddoh constituted changed circumstances, the BIA ruled that there were changed circumstances but that the application was untimely because it was not filed within a reasonable time after the circumstances had changed. Because Seddoh does not address that ruling, she has waived any challenge to it. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Seddoh, in an apparent challenge to the BIA's denial of her requests for asylum and withholding of removal, argues that the evidence showed that it was more likely than not that she would be persecuted in Togo. The BIA, however, denied Seddoh's request for asylum because her asylum application was untimely, and it denied her request for withholding of removal based on the IJ's determination that Seddoh's testimony was not credible. Seddoh does not address the BIA's affirmance of the IJ's ruling that her testimony was not credible. Because she has not addressed the reasoning supporting the BIA's denial of her requests for asylum and withholding of removal, she has waived any challenge she could have made to the denial, and her argument that the evidence showed that she would be persecuted if she returned to Togo is insufficient. *See Brinkmann*, 813 F.2d at 748.

Though Seddoh states that the BIA should have found that she was entitled to relief under the CAT, she does not provide any argument to support that contention. Therefore, she has abandoned that issue. *See* FED. R. APP. P. 28(a)(9); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Summary disposition of this case is appropriate, because there is no substantial question as to the outcome, so the government's motion for summary disposition is GRANTED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). The petition for review is DISMISSED in part and DENIED in part. The government's motion to reset the briefing schedule is DENIED as unnecessary.