# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2013

No. 13-60159

Lyle W. Cayce
Clerk

ROSA MIRIAN CERNA-DE SANDOVAL; MIRIAN LISSETH
SANDOVAL-CERNA; KAREN NOHEMY SANDOVAL-CERNA; ALAN
ERNESTO SANDOVAL-CERNA,

      Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A087 998 684

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Petitioners Rosa Mirian Cerna de Sandoval ("Cerna") and her three minor
children, natives and citizens of El Salvador, petition for review of the decision
of the Board of Immigration Appeals ("BIA") dismissing her appeal of the
Immigration Judge's ("IJ") order denying her applications for asylum and
withholding of removal. Petitioners submit that they are eligible for asylum and
withholding of removal because Cerna suffered past persecution and has a well-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

founded fear of future persecution based on her membership in a particular social group: female cadets at the National Police Academy of El Salvador. We review the BIA's findings of fact for substantial evidence and its conclusions of law *de novo*. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

We conclude that the BIA's ruling is supported by substantial evidence. Specifically, substantial evidence supports the agency's determination that the mistreatment alleged by Cerna—specifically, name-calling, sexual harassment and threats by fellow cadets at the police academy—"fall[s] far short of the required 'extreme conduct' needed to establish persecution." *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006) ("Persecution cannot be based on 'mere denigration, harassment, and threats.'"); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding that petitioner who was "struck in the head with a rock while walking to church" and exposed to "denigration, harassment, and threats" did not establish past persecution). The agency's determination that Cerna's fear of future persecution stems from a personal dispute with a number of her police academy peers, and not her membership in a protected social group, is also supported by substantial evidence. *See Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004); *see also Shehu v. Ashcroft*, 118 F. App'x 796, 797 (5th Cir. 2004) ([Petitioner]'s fear of persecution arises out of a personal dispute; [he] did not establish that the alleged persecution he fears will be perpetrated under government sanction."). Because the evidence supporting petitioners' position is not "so compelling that no reasonable factfinder could reach a contrary conclusion," we uphold the decision of the BIA. *Orellana–Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).

Petitioners' failure to satisfy the lower burden of proof necessary to obtain asylum prevents them from satisfying the higher burden of proof for withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

Cerna argues also that she suffered past persecution and has a well-founded fear of future persecution based on her political opinion and her

experience with gangs.  Because she did not raise these issues in her appeal to the BIA, we lack jurisdiction to consider them. *See Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010) ("[P]arties must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement.").  Accordingly, this portion of the petition for review will be dismissed. *See Seddoh v. Holder*, 395 F. App'x 137, 138 (5th Cir. 2010) (citing *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986)).

Having concluded "there can be no substantial question as to the outcome of the case," we GRANT respondent's motion for summary denial. *See Seddoh*, 395 F. App'x at 139 (citing *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006)).

The petition for review is DISMISSED, in part, and DENIED, in part.